IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-95-CR-097-G(11) |
| NELSON CALDERON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Nelson Calderon, appearing *pro se*, has filed a motion for review of his sentence pursuant to 18 U.S.C. § 3742 and for a downward departure pursuant to U.S.S.G. § 5K2.0.[1] For the reasons stated herein, the motion should be denied.

I.

Defendant was convicted by a jury of conspiracy to possess with intent to distribute a controlled substance, possession with intent to distribute more than 100 grams of methamphetamine and more than 500 grams of cocaine, use of a communication device to facilitate a drug trafficking crime, and using a minor to distribute a controlled substance. Punishment was assessed at 210-months confinement followed by supervised release for a period of eight years. His conviction and sentence were affirmed on direct appeal. *United States v. Calderon*, No. 95-11064 (5th Cir. Oct. 23, 1996). Defendant also filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion was denied. *United States v. Calderon*, No. 3-97-CV-0277-G (N.D. Tex. May 30, 1997).

---

[1] Defendant filed this pleading as a motion in his underlying criminal case. However, for some reason not apparent from the docket sheet, the clerk construed the pleading as an application for writ of habeas corpus and opened a new civil case, No. 3-06-CV-0253-G. The court now determines that the pleading should be docketed as a motion in the criminal case and that the civil action should be administratively closed.

Defendant now seeks a sentence reduction based on his post-conviction rehabilitation and his status as a deportable alien.

## II.

The court initially observes that defendant is not entitled to relief under any of the statutes or rules cited in his motion. "The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction." *United States v. Early*, 27 F.3d 140, 141 (5th Cir.), *cert. denied*, 115 S.Ct. 600 (1994), *citing Williams v. United States*, 503 U.S. 193, 198-204, 112 S.Ct. 1112, 1118-21, 117 L.Ed.2d 341 (1992). Although post-conviction rehabilitative efforts can serve as a basis for a downward departure under U.S.S.G. § 5K2.0, such efforts must be undertaken prior to sentencing. *See United States v. Perkins*, No. 3-97-CR-222-G, 2002 WL 31802712 at *1 (N.D. Tex. Dec. 11, 2002) (Fish, C.J.), *citing* U.S.S.G. § 5K2.19 (policy statement).[2]

The only statute, not cited by defendant, which authorizes the reduction of his sentence is 18 U.S.C. § 3621(e). Under that statute:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). The Bureau of Prisons has exercised its discretion under this statute to deny deportable aliens, like defendant, a one-year sentence reduction. *See* BUREAU OF PRISONS, P.S. 5330.10 at ¶ 6.1 (1995). In order to successfully challenge that policy determination, defendant must establish some constitutional violation. No such showing has been

---

[2] Nor is defendant entitled to relief under 18 U.S.C. § 3582(c), Fed. R. Crim. P. 35, or 28 U.S.C. § 2255. None of the grounds alleged in his motion fall within any of the categories authorized by section 3582(c) or Rule 35. *See Early*, 27 F.3d at 142; *United States v. Guadarrama-Ramirez*, No. C-02-210, 2005 WL 1965961 at *1 (S.D. Tex. Aug. 10, 2005). Because defendant filed a prior section 2255 motion, he may not file a second or successive motion without prior authorization from the court of appeals. *See* 28 U.S.C. § 2255.

made here. Consequently, defendant is not entitled to relief. *See Bazuaye v. Tombone*, No. 01-40318, 2001 WL 1223857 at *1 (5th Cir. Oct. 5, 2001) (section 3621 does not create a constitutionally protected liberty interest in early release and does not violate equal protection absent a showing that similarly situated inmates are treated differently or that prison regulations governing early release are irrational).

### RECOMMENDATION

Defendant's motion for review of his sentence pursuant to 18 U.S.C. § 3742 and for a downward departure pursuant to U.S.S.G. § 5K2.0 should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE